IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEUTSCHE BANK TRUST COMPANY, : : Plaintiff, : : v. : : JOHN K. BUAHIN AND : LESHON STEWART, Defendants. | CIVIL ACTION NO. 1:15-CV-478-WSD-WEJ |

# ORDER AND
# FINAL REPORT AND RECOMMENDATION

Defendants pro se, John K. Buahin and Leshon Stewart, are facing a Dispossessory Proceeding in the Magistrate Court of DeKalb County, Georgia. Defendants seek to remove that case to this Court and have submitted Applications to Proceed in forma pauperis ("IFP") [1, 3] showing that they are unable to pay the removal fee at this time. Accordingly, the Court **GRANTS** their requests to proceed in forma pauperis. However, the Court is compelled to remand any action which has been improperly removed; therefore, the undersigned examines this case to determine if removal is proper. Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1240 (11th Cir. 2003) (explaining that federal courts have an obligation to dismiss an action sua sponte if subject matter jurisdiction is lacking).

Defendants indicate that they are legal residents of Atlanta (Mr. Buahin) and Decatur (Ms. Stewart), Georgia. (IFP [1], IFP [3].) In the Notice of Removal, defendants allege that the state court proceeding violates the United States Constitution and various federal laws. (See generally Notice of Removal [1-1].) Defendants attached to that document a Dispossessory Warrant filed in the Magistrate Court of DeKalb County and a Final Judgment and Writ of Possession issued by the Superior Court of DeKalb County granting plaintiff, Deutsche Bank Trust Company, possession of the property at issue. (Id. Attach.)

A party who removes a state court case to federal district court pursuant to 28 U.S.C. § 1441 must prove that the court possesses "original jurisdiction." McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936). Moreover, removal jurisdiction is construed narrowly, with all doubts resolved in favor of remand. See Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). The removing party has the burden of demonstrating the propriety of removal, Diaz v. Shepard, 85 F.3d 1502, 1505 (11th Cir. 1996), and federal courts have an obligation to dismiss an action sua sponte if subject matter jurisdiction is lacking, Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1240 (11th Cir. 2003).

Original jurisdiction arises if there is diversity of parties or a federal question. 28 U.S.C. § 1441(a)-(b). However, § 1441(b)(2) bars removal on the basis of diversity

2

if the "defendant[] is a citizen of the State in which [the] action is brought." Id. § 1441(b). Likewise, unless a "substantial" federal question is presented on the face of the state court complaint, the case does not arise under federal law. Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998); Kemp v. Int'l Bus. Machs. Corp., 109 F.3d 708, 712 (11th Cir. 1997). Neither a defendant's answer nor a notice of removal may be used to establish federal question jurisdiction. Gully v. First Nat'l Bank, 299 U.S. 109, 113 (1936); Buice v. Buford Broad., Inc., 553 F. Supp. 388, 389 (N.D. Ga. 1983).

Because defendants are Georgia domiciliaries, the Court does not have diversity jurisdiction over this DeKalb County action. Likewise, the Dispossessory Warrant and Final Judgment and Writ of Possession indicate no federal question. Plaintiff cannot be subjected to federal jurisdiction after having filed for eviction on state law grounds in state court. Accordingly, because defendants have failed to demonstrate any lawful basis for removal of the action, the undersigned **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of DeKalb County pursuant to 28 U.S.C. § 1446(c)(4).

AO 72A
(Rev.8/82)

## IV.   CONCLUSION

For the reasons set forth above, the undersigned **GRANTS** the Application to Proceed in District Court without Prepaying Fees or Costs [1, 3] for the limited purpose of remand, and **RECOMMENDS** this case be **REMANDED** to the Magistrate Court of DeKalb County, Georgia.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 24th day of March, 2015.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)