IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEUTSCHE BANK TRUST
COMPANY,

          **Plaintiff,**

    **v.**

JOHN K. BUAHIN and LESHON
STEWART,

          **Defendants.**

1:15-cv-478-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Walter E. Johnson's

Final Report and Recommendation ("R&R") [5], which recommends remanding

this dispossessory action to the Magistrate Court of DeKalb County, Georgia.

Also before the Court is John Buahin's and Leshon Stewart's ("Defendants")

Amended Notice of Removal [7].[1]

## I.    BACKGROUND

On August 9, 2013, Deutsche Bank Trust Company ("Plaintiff") initiated a

dispossessory proceeding against Defendants in the Magistrate Court of DeKalb

---

[1]    Defendants filed their Amended Notice of Removal in response to the R&R.
The R&R, which considers Defendants' original Notice of Removal, is therefore
deemed moot.

County, Georgia.[2]   Plaintiff seeks possession of real property currently held by Defendants, following a February 5, 2013, foreclosure sale of the property.

On February 18, 2015, Defendants, proceeding *pro se*, removed the DeKalb County action to this Court by filing their Notice of Removal and an application to proceed *in forma pauperis* ("IFP") [1].  Defendants appear to assert that there is federal subject matter jurisdiction because there is in the case a question of federal law.  Although largely incomprehensible, Defendants' Petition for Removal appears to claim that Plaintiff violated the Due Process Clause of the Fourteenth Amendment and "the Bill of Rights, the Ninth Amendment, the Eleventh Amendment, [and] the original Thirteenth Amendment . . . ."  (Notice of Removal [1.1] at 2).  Defendants also assert counterclaims for "wrongful dispossessory [sic]."  (Id. at 5).

On March 24, 2015, Magistrate Judge Johnson granted Defendants' application to proceed IFP.  The Magistrate Judge also considered *sua sponte* the question of subject matter jurisdiction and recommended that the Court remand this case to the Magistrate Court of DeKalb County.

On April 7, 2015, in lieu of objecting to the R&R, Defendants filed their Amended Notice of Removal [7].  Defendants appear to assert that the Court has

---

[2]  No. 13D63007

subject matter jurisdiction based on diversity of citizenship under 28 U.S.C.
§ 1332(a).  (See [7] at 1).  Defendants claim they are citizens of Georgia and that
Plaintiff is a national bank with its "principal office" located in California.
Defendants also assert that the amount in controversy requirement is satisfied
because the "Security Deed, which secures the Loan in the principal amount [of
$252,800] [is] well in excess of $75,000.00."  (Id. at 3).

In light of their *pro se* status, the Court construes Defendants' filings
liberally, and as a whole, to determine whether the Court has subject matter
jurisdiction over this action.

## II.     DISCUSSION

The Eleventh Circuit has consistently held that "a court should inquire into
whether it has subject matter jurisdiction at the earliest possible stage in the
proceedings.  Indeed, it is well settled that a federal court is obligated to inquire
into subject matter jurisdiction *sua sponte* whenever it may be lacking."
Univ. of  S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).
"[O]nce a federal court determines that it is without subject matter jurisdiction, the
court is powerless to continue."  Id.

Congress has provided that "any civil action brought in a State court of
which the district courts of the United States have original jurisdiction, may be

removed by the defendant."  28 U.S.C. § 1441(a).  Removal in this case appears to be based on diversity of citizenship and federal question jurisdiction.

Diversity of citizenship jurisdiction extends to "all civil actions where the matter in controversy exceeds the sum or value of $75,000," and is between "citizens of different States."  28 U.S.C. § 1332(a)(1), (2).[3]  Even if there is complete diversity of citizenship between the parties, Defendants cannot establish diversity jurisdiction because the amount-in-controversy requirement cannot be satisfied.  Although Defendants assert that the "Security Deed, which secures the Loan in the principal amount [of $252,800] [is] well in excess of $75,000.00," (See [7] at 3), the lawsuit Defendants removed is an action against them seeking possession of property that they currently possess.  The Court must look only to Plaintiff's claim to determine if the amount-in-controversy requirement is satisfied. See, e.g., Novastar Mortg. Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001), aff'd, 35 F. App'x 585 (11th Cir. 2002).  The Complaint here seeks possession of premises currently occupied by Defendant.  It is well-settled that "a claim seeking only ejectment in a dispossessory action cannot be reduced to a

---

[3]      The Court notes that a defendant may not remove on the basis of diversity of citizenship when the defendant "is a citizen of the State in which such action is brought."  See 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

monetary sum for purposes of determining the amount in controversy." <u>Bennett</u>, 173 F. Supp. 2d at 1361-1362; <u>see also</u> <u>Citimortgage, Inc. v. Dhinoja</u>, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010).  Because "a dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to the property is not at issue and, accordingly, the removing defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement." <u>Fed. Home Loan Mortg. Corp. v. Williams</u>, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008).[4]  The amount-in-controversy requirement is not satisfied and removal is not proper based on diversity of citizenship.

The Court's jurisdiction in this action also cannot be based on federal question jurisdiction, which extends to "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only

---

[4]     Here, foreclosure already occurred, title to the Property is vested in Plaintiff, and Plaintiff seeks only possession of the Property.  <u>See</u> <u>Tampa Inv. Group, Inc. v. Branch Banking and Trust Co., Inc.</u>, 723 S.E.2d 674, 677 (Ga. 2012) (quoting <u>Cummings v. Johnson</u>, 129 S.E.2d 762, 763 (Ga. 1963)) ("A sale under the powers contained in a deed to secure debt divests the grantor of all title, and right of equity of redemption, to the lands described in the deed.").  The original principal amount of Defendants' loan simply is not at issue in Plaintiff's Complaint.

when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  Thus, a federal cause of action within a counterclaim or a federal defense is not a basis for removal jurisdiction.  Vaden v. Discover Bank, 556 U.S. 49, 59-61 (2009).

Plaintiff's Complaint is a dispossessory action which is based solely on state law.  No federal question is presented on the face of Plaintiff's Complaint.  That Defendants may seek to assert defenses or counterclaims based on federal law cannot confer federal subject-matter jurisdiction over this action.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).  Removal is not proper based on federal question jurisdiction.

Because the Court lacks both diversity and federal question jurisdiction, this action is required to be remanded to the state court.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[5]

---

[5]     Even if subject matter jurisdiction existed, the Court lacks jurisdiction under the Rooker-Feldman doctrine to grant Defendants the relief they seek—an order finding that the completed Dispossessory Action was wrongful and overturning the Writ of Possession issued by the state court.  Federal district courts "generally lack jurisdiction to review a final state court decision."  Doe v. Fla. Bar, 630 F.3d 1336, 1341 (11th Cir. 2011) (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983) & Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)).

III.   **CONCLUSION**

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **REMANDED** to the

Magistrate Court of DeKalb County, Georgia.

**IT IS FURTHER ORDERED** that Magistrate Judge Walter E. Johnson's

Report and Recommendation [5] is deemed **MOOT**.


**SO ORDERED** this 13th day of October, 2015.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE